UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In the Matter of LONNIE EVERETT OWEN, SR.,<br><br>Plaintiff in Limitation.<br><br>CLAIMS IN LIMITATION | Case No: C 10-0973 SBA<br><br>**ORDER GRANTING CLAIMANTS' MOTION FOR CHANGE OF VENUE**<br><br>Dkt. 46 |

Plaintiff in Limitation Lonnie Everett Owen, Sr. ("Plaintiff"), as owner of a 2009 Skeeter ZX250 (the "Vessel"), brings this admiralty and maritime action for exoneration from and/or limitation of liability with respect to a collision involving the Vessel. The parties are presently before the Court on the motion of all Claimants in Limitation ("Claimants") to transfer venue to the Eastern District of California. Plaintiff has filed a Statement of Non-Opposition to Claimants' motion.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I. **BACKGROUND**

This Complaint for Exoneration or Limitation of Liability was filed on March 8, 2010 by Plaintiff, as owner of the Vessel, in connection with alleged bodily injuries suffered when Plaintiff's Vessel collided with a 2001 Larson 210LXI during a fishing tournament on Old River on August 1, 2009. Compl. ¶¶ 2-5. Old River is located in Contra Costa County, California. Now, Claimants move for an order transferring this action to the Eastern District of California pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F(9)"). Claimants assert that the interests of justice,

judicial economy, and the convenience of the parties and witnesses favor transfer to that District.  Plaintiff has filed a statement of non-opposition to the motion.

## II.     ANALYSIS

Rule F(9) provides that, in admiralty and maritime actions, "[f]or the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district …."  The same analysis applies to a motion to transfer venue brought under Rule F(9) as to a motion to transfer brought under 28 U.S.C. § 1404(a).  See Continental Grain Co. v. The FBL-585, 364 U.S. 19 (1960); Advisory Committee Notes, Subdivision (9).  In determining whether transfer is proper, the Court must weigh both public factors, which go to the interests of justice, and private factors, which go to the convenience of parties and witnesses.  San Francisco Tech., Inc. v. Glad Products Co., 2010 WL 2943537, at *5 (N.D. Cal. July 26, 2010).  Relevant factors include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." Johansson v. Central Garden & Pet Co., 2010 WL 4977725, at *2 (N.D. Cal. Dec. 2, 2010).

Here, the Court finds that several of these factors weigh in favor of transfer.  Specifically, with respect to the convenience of the parties and the witnesses and ease of access the evidence, all of the Claimants and Plaintiff reside in the Eastern District.  Dkt. 47, Berschler Decl. ¶ 1.  All of the Claimants' health care providers, but for one, are located in the Eastern District.  Id. ¶ 2.  The United States Coast Guard Officer that responded to the accident is stationed in Rio Vista, inside the Eastern District.  Id. ¶ 8.  A non-party witness lives in the Eastern District.  Id. ¶ 9.  Lastly, Plaintiff's passenger in the Vessel at the time of the accident lives in Eastern District.  Id. ¶ 4.

With respect to Plaintiff's choice of forum, Plaintiff has indicated that he does not oppose transfer of this action to the Eastern District.  Therefore, this factor is, at best, neutral.

The remaining factors – familiarity with the applicable law, feasibility of consolidation of other claims, local interest in the controversy, and relative court congestion and time of trial – are also neutral under the circumstances of this case. Accordingly, the Court finds that transfer of this action to the Eastern District is appropriate.

### III. CONCLUSION

For the foregoing reasons, Claimants' Motion for Change of Venue is GRANTED. The Clerk shall transfer the instant action forthwith to the U.S. District Court for the Eastern District of California, and shall terminate any pending dates and docket matters.

IT IS SO ORDERED.

Dated: January 18, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge